UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DIANE MARCISZ, | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 3:04-CV-01239 (WWE) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, | : | |
| | : | |
| Defendant | : | June 21, 2005 |

### RULING ON DEFENDANT'S MOTION TO DISMISS

This action concerns an allegation of discrimination based on sexual orientation brought under 42 U.S.C. 1983 and Connecticut General Statutes section 46a-81c. The defendant, City of New Haven ("City"), has moved to dismiss the plaintiff's amended complaint in its entirety, arguing that it fails to state a claim upon which relief can be granted. The Court will deny the City's motion.

### STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The function of a motion to dismiss "is merely to assess the legal feasability of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980). In considering a motion to dismiss, a court must presume all factual allegations of the complaint to be true and must draw any reasonable inferences in favor of the non-moving party. Cruz v. Beto, 405 U.S. 319, 322 (1972).

1

In Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992 (2002), the Supreme Court held that a complaint must be read pursuant to a notice pleading standard. The pleading requirement is not a standard or inflexible one. The Court instructed that it is inappropriate to measure a plaintiff's complaint against a specific standard for a prima facie case at the pleading stage. The Court noted that "before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case. Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases." Id. It is deemed more appropriate to rely on thorough discovery and summary judgment motions to assess the scope and propriety of the facts and issues presented. "The provisions for discovery are so flexible and the provisions for pretrial procedure and summary judgment so effective, that attempted surprise in federal practice is aborted very easily, synthetic issues detected, and the gravamen of the dispute brought frankly into the open for the inspection of the court." Id., 512-513.

## DISCUSSION

The plaintiff alleges that the City, by and through her supervisor, Michael Barker, among others, engaged in a pattern of behavior that deprived the plaintiff of her rights pursuant to 42 U.S.C. section 1983 and Connecticut General Statutes section 46a-81c, to wit: equal protection, due process, liberty interests in her occupation and reputation, and freedom from discrimination based upon her sexual preference or orientation. Defendant argues that the complaint should be dismissed because the plaintiff does not establish a claim that the municipality is liable for any possible discrimination in that she does not allege any facts that constitute that there exists a policy, custom or practice of discrimination within the municipality or that Barker, her

supervisor, was acting in a manner so as to implicate the department as a whole. Additionally, the City claims the plaintiff fails to assert a claim pursuant to Connecticut General Statutes section 46a-81c because she does not allege facts that fulfill the test set forth by the statute. As established by <u>Swierkiewicz</u>, these arguments require allegations that lie far beyond the scope necessary to fulfill the standard of notice pleading. See Fed.R.Civ.P. 8(a).

      The plaintiff adequately asserts facts that, if true, support her claim of discrimination and need not do more at this stage of the pleadings. The plaintiff alleges that the City denied her equal terms and conditions of employment afforded to other employees as a result of her sexual orientation. She also alleges the fact that she was privy to animus and vitriol on the part of her supervisor for reasons of her sexual orientation which, if such fact is true, is sufficient to support a section 1983 claim. "Courts have held that anti-homosexual harassment can constitute a cognizable claim under Section 1983." <u>Emblen v. Port Authority of New York/New Jersey</u>, 2002 WL 498634 *7 (S.D.N.Y.). The plaintiff's allegations of the behavior of her supervisor are sufficient to survive a motion to dismiss.

      Furthermore, as to the plaintiff's claims pursuant to Connecticut General Statutes section 46a-81c, the defendant argues that these must be dismissed because the plaintiff fails to provide allegations that satisfy the statute's requirements  It is this Court's determination, however, that the plaintiff does allege facts that, if true, satisfy the requirements set forth by the statute. She alleges that she was singled out by her employer because of her status as a homosexual, she was qualified for her job, she suffered an adverse employment action and the reason for such action (her termination) was pretextual and provides an inference of discrimination due to her sexual orientation.

3

This Court adheres to the liberal pleading standard enunciated in <u>Swierkiewicz</u>. The Court finds that the plaintiff has alleged facts that, if true, may support her claim. Here, the plaintiff sets forth a claim of discrimination based on her sexual orientation and alleges behavior of the defendant that may, after proper discovery, support her claim. Pursuant to <u>Swierkiewicz</u>, dismissal at this stage of the pleadings would be premature and inappropriate. The Court will, accordingly, deny the defendant's motion to dismiss the plaintiff's complaint.

## **CONCLUSION**

For the foregoing reasons, the Court denies the defendant's Motion to Dismiss [Doc. # 9-1].

SO ORDERED this ____ day of June, 2005 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior United States District Judge